# Exhibit A

Filing # 57016171 E-Filed 05/26/2017 06:30:28 PM

                                        IN THE CIRCUIT COURT OF THE
                                        11TH JUDICIAL CIRCUIT IN AND FOR
                                        MIAMI DADE COUNTY, FLORIDA

JENNIFER LEAL,

    Plaintiff(s),

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JENNIFER LEAL, by and through the undersigned counsel, hereby sues Defendant, UNIVERSITY OF MIAMI ("Defendant"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for Defendant's violations of the Equal Pay Act Of 1963, 29 U.S.C. § 206, *et seq.* ("EPA"), and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, UNIVERSITY OF MIAMI, is a Florida Not for Profit Corporation conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due and owing in Miami-Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On or about November 3, 2014 Plaintiff commenced working for Defendant as a medical compliance manager.

9. Throughout Plaintiff's employment, Defendant has consistently hired men at considerably higher rates than women, such that the salary structure has resulted in a substantial disparity between the male and female employees in each category.

10. Male managers perform substantially similar work under similar working conditions as Plaintiff.

11. The increased pay that males received was not based on superior skill, education, or experience, or any other legitimate factor.

12. Specifically, at the time of her hiring in 2011, Plaintiff was paid an annual salary that was less than a similarly situated male counterpart, Osmany Rodriguez.

13. Though Plaintiff has continued to receive annual, merit-based raises, her salary remains significantly below that of her male counterparts, including Osmany Rodriguez.

## COUNT I
### *Discrimination in Compensation*
### *Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

15. Plaintiff belongs to a protected class; she is female.

16. Plaintiff's job functions as Manager with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male Managers, and they were performed under the same or similar working conditions.

17. During all relevant periods, Plaintiff received wages lower than most if not all, of Defendant's male Managers' wages while performing the same or substantially more work than her male coworkers.

18. Plaintiff was qualified for and entitled to wages equal to or higher than her male coworkers' wages performing the same or substantially more work than her male coworkers.

19. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

   B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 26, 2017                            Respectfully submitted,

/s/Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.: 118315
nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 57121174 E-Filed 05/31/2017 02:59:52 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

JENNIFER LEAL,

    Plaintiff(s),

CASE NO. 2017-012840 -CA

v.

UNIVERSITY OF MIAMI,

    Defendant.

DATE. 6/8   TIME: 11:15 AM
INITIALS: ___   ID #: 245

## SUMMONS IN A CIVIL CASE

**TO:** UNIVERSITY OF MIAMI through its Registered Agent:

    ANDREA E. ORANGE
    1320 SOUTH DIXIE HIGHWAY, SUITE 1200
    CORAL GABLES, FL 33146

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET, SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

6/1/2017

CLERK    DATE
_Natalie mc ke_ 308631

(BY) DEPUTY CLERK

